## DIBBLE ET AL. *v.* LLOYD.

[No. 10,390.   Filed May 24, 1920.]

1. REMAINDERS.—*Life Estates.—Deed by Life Tenant and Remaindermen Conveys Fee Simple.—Wills.*—Where there was nothing in the will to prevent the widow from conveying her life estate, nor to prevent the four children of testator from conveying their remainders, the deed of the widow and three of the children to the other child, made him the owner in fee simple of the lands conveyed, whether the grantors be considered as devisees or as heirs of the decedent. p. 324.

2. ESTOPPEL.—*Covenant of Warranty.—Deeds.*—An heir and devisee of testator who acquired the fee to lands of testator by deeds from the widow and other heirs and devisees, and conveyed the lands by warranty deed, was estopped by his deed from claiming any interest in such lands under the will. p. 325.

From Grant Circuit Court; *J. F. Charles*, Judge.

Action by Ruth A. Lloyd against Henry O. Dibble and

others.   From a judgment for plaintiff, certain defendants appeal.  *Affirmed.*

*John A. Kersey,* for appellants.
*G. A. Henry* and *Marshall Williams,* for appellee.

ENLOE, P. J.—This action was brought by the appellee Ruth A. Lloyd to quiet her title to certain lands in Grant county, Indiana.   The complaint was in one paragraph, and the appellants and others were named as defendants therein.   The appellants filed an answer in one paragraph, to which a demurrer was sustained, and appellee Lloyd, all other defendants having been defaulted, had judgment quieting her title in and to said land.   The error assigned is the action of the court in sustaining the demurrer to said answer.

The plaintiff alleged in her complaint that she was the owner of the lands in question in fee simple by virtue of a certain deed of conveyance to her duly executed and delivered by Mary E. Dibble *et al.;* that she was in lawful possession of said land; that the grantors at the time they executed said deed were in possession of said land, owned the same in fee simple and had good right to convey the same; that immediately after the execution of said deed plaintiff took possession of the lands under color of said deed and had since, and then was, in the actual, sole, exclusive, open, notorious and adverse use, enjoyment, occupancy and possession of the same; that she and those under whom she claimed have held exclusive, continuous, open and notorious adverse possession of all of said land under claim of title and ownership for more than twenty years past; that there were breaks and hiatuses in the record title to part of said land and apparent defects in the title thereto, on account of defective and inaccurate descriptions therein, appearing in matters of record affecting such title, by

reason whereof clouds were cast upon her title; that certain persons, among whom were appellants herein, were asserting and claiming some right, title, or interest in and to said real estate, which claims were without right, unfounded and a cloud upon her title, and prayer that her title might be quieted.

The appellants appeared and filed answer, alleging in substance the following facts: That appellants Henry O. Dibble and Ethel Dibble are husband and wife; that Henry O. Dibble is a son and heir of Owen E. Dibble, deceased; that in December, 1911, said Owen E. Dibble died testate, leaving Mary E. Dibble, his widow, and Bessie Brinker, Clara Dibble and Elizabeth Dibble, his daughters, and appellant Henry O. Dibble, his son, as his only heirs at law; that at the time of his death said Owen E. Dibble was the owner in fee simple of the real estate described in plaintiff's complaint.

Said answer further avers that by item 3 of his will Owen E. Dibble provided as to his real estate as follows:

"I will, devise and bequeath to my beloved wife Mary E. Dibble, subject to the payments specified in items one and two of this will, all my property both real and personal of every kind and description of which I may die the owner to have and to hold for her own use, benefit, comfort and convenience during the period of her natural life, with full power to mortgage, sell and convey the same or any part thereof in fee simple, and to appropriate the proceeds thereof to her own use, benefit, necessity and comfort; and all conveyances of real estate by her made in the exercise of such power shall pass a title in fee to the purchaser. It being my will and intention that while giving to my wife a life estate only in my said property, yet she shall have the power to use and enjoy the same as though it were devised to her in fee."

It is further alleged that the payments specified in said items 1 and 2 of said will were the debts and

funeral expenses of said testator, and a legacy of $200 to each of his four children, all of which had been paid out of his estate.

It is further alleged that in item 4 of said will it was provided as follows:

> "After the death of my said wife I will, devise and bequeath all the residue of my estate both real and personal which may remain after the full payment of her funeral expenses to my four children above named in equal portions, share and share alike and in case they or either of them are dead then to their children."

It is further alleged that the four children mentioned in said item 4 are the appellant Henry O. Dibble, and the appellees Bessie Brinker, Clara Dibble and Elizabeth Dibble.

It is further alleged that on May 5, 1914, the widow and the two daughters Bessie Brinker and Clara Dibble executed a warranty deed for said real estate to the appellant Henry O. Dibble, and that on August 3, 1914, said Elizabeth Dibble, she having then become of full age, executed to appellant Henry O. Dibble, a quit-claim deed for her interest in and to said land; that the consideration expressed in said first deed was $13,280, of which the sum of $5,000 was procured by said Henry O. Dibble from the Farmers' Trust & Savings Company, said Henry O. Dibble executing to said trust company a mortgage on said lands to secure the payment of the same, and that said grantee gave to said widow his personal note for $8,280, the residue of said expressed consideration, secured by a second mortgage on said premises.

It is further alleged that on December 7, 1914, the appellants herein executed their warranty deed for said real estate to said Mary E. Dibble for the expressed consideration of $13,280, the grantee assuming and agree-

ing to pay said $5,000 mortgage, and surrendering the note she then held against appellant Henry O. Dibble for the sum of $8,280 and releasing and satisfying said mortgage securing the same.

It is further alleged that on January 8, 1915, said widow, Mary E. Dibble, executed a warranty deed for said real estate to the three daughters for the expressed consideration of $8,000, reserving to herself a life estate in and to said real estate.

It is further alleged that on February 2, 1918, the widow and said three daughters executed a warranty deed for the real estate to appellee Ruth A. Lloyd, for the expressed consideration of $13,500, said appellee assuming and agreeing to pay said $5,000 mortgage to said Farmers' Trust and Savings Company.

There are many other averments in said paragraph of answer not material to any issue and therefore not herein set out, but there is no attempt to impeach appellant's deed of December 7, 1914, as having been fraudulently obtained.

The appellant Henry O. Dibble bases his claim to an interest in the lands in question upon the above-quoted provision in the will of his father, Owen E. Dibble, and claims that he is the owner of an undivided one-fourth interest in said lands as a remainderman; that the power of sale given in said will was not exercised by his mother in the manner and for the purpose named in said will; such conveyance was therefore a nullity.

In the state of this record, we are not called upon to determine the questions presented by the appellants. If we should give full effect to their contention concerning the legal effect of said will—that the widow, Mary E. Dibble, took, under the terms of said will, a life estate, with remainder over to the named children, Bessie Brinker, Clara Dibble, Elizabeth Dibble, and Henry O. Dibble, appellant—still there

was nothing in said will to prevent said widow from conveying her said life estate, nor to prevent said children from conveying their interest as remaindermen. It therefore follows that when the widow and said daughters executed their said deeds in May and August, 1914, to appellant Henry O. Dibble, he became the owner of said lands in fee simple, whether said deeds be considered as made by said parties either as *devisees,* or as *heirs* of said Owen E. Dibble.

Appellant, then being the owner of said lands in fee simple, conveyed said lands by warranty deed, and such deed is not impeached by any of the averments

2.  of said answer.   He is therefore now estopped to claim any interest under said will in the lands so conveyed, by reason of his having executed his said deed. *McAdams* v. *Bailey* (1907), 169 Ind. 518, 82 N. E. 1057, 124 Am. St. 240, 13 L. R. A. (N. S.) 1003, and authorities there cited.

We find no error in this record.   The judgment is therefore affirmed.